IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01046-SKC

YAIROVIS SANTACRUZ MACIAS,

     Petitioner,

v.

JUAN BALTAZAR, *et al.*,

     Respondents.

---

## ORDER

---

Petitioner Yairovis Santacruz Macias is a citizen of Cuba who is currently being detained at the Denver immigration detention facility. Dkt. 1, ¶¶1, 24; Dkt. 14-1, ¶24. He arrived in the United States in June 2020 seeking asylum and he was transferred into Immigration and Customs Enforcement ("ICE") custody on June 2, 2020. Dkt.1, ¶24; Dkt. 14-1, ¶¶5-7. On August 25, 2020, an immigration judge ("IJ") denied Petitioner's application for asylum and ordered him removed to Cuba. Dkt. 1, ¶25. Both sides waived their right to appeal the decision and it became final that same day. Dkt. 14-1, ¶12. ICE then submitted a travel document request to the government of Cuba on September 4, 2020.[1] *Id.* ¶13.

---

[1] Although Cuba apparently accepted Petitioner for repatriation, his transport was

1

On October 1, 2020, ICE conducted a Post Order Custody Review ("POCR") under 8 C.F.R. § 241.4. *Id.* ¶15. Based on the POCR, ICE determined that Petitioner was not a candidate for release because he was a flight risk. *Id.* ¶19. Nevertheless, ICE released Petitioner on an order of supervised release on January 13, 2021. *Id.* ¶20. He was in custody for a total of 141 days from the date his order of removal became final. Five years later, January 7, 2026, when Petitioner appeared for a scheduled supervised release appointment, ICE took him into custody, where he has remained. Dkt. 1, ¶27. As of the date of this Order, he has been in custody again now for 82 days.

Petitioner filed this action on March 13, 2026. He asserts that his continued detention by ICE violates 8 U.S.C. § 1231(a)(6), his due process rights under the Fifth Amendment of the United States Constitution, and the Administrative Procedures Act. *Id.* pp.17-20. He specifically claims that under *Zadvydas v. Davis,* 522 U.S. 678 (2001), his detention has exceeded the presumptively reasonable six-month period and that his removal is not likely to occur in the reasonably foreseeable future. *See generally* Dkt. 1. In support, Petitioner alleges that (1) it has been over 2,000 days since his order of removal became final, and (2) Respondents have failed to show that removal to a third county is likely to occur in the reasonably foreseeable future. *Id.* As relief, Petitioner seeks immediate release from ICE custody. *Id.*

---

delayed several times due to COVID-19. Dkt. 14-1, ¶¶16, 18. It is not clear why it was further delayed such that five years have now passed.

Respondents, for their part, acknowledge that "in the approximately 67 months since his removal order became final, Petitioner has been detained for a total of about seven months." Dkt. 14, p.8. They also emphasize the fact that Petitioner has only been in custody for two and a half months since his re-detention. *Id.* p.7. Respondents further state that "they are working to remove Petitioner to either Cuba or Mexico." *Id.* p.8.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Response, the Reply, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared below, the Court GRANTS the Petition.

## ANALYSIS

The detention, release, and removal of noncitizens ordered removed from the United States is governed by 8 U.S.C. § 1231. When a noncitizen is ordered removed,

3

removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1); *see also Morales-Fernandez v. I.N.S.,* 418 F.3d 1116, 1123, (10th Cir. 2005). During the removal period, the noncitizen must be detained. 8 U.S.C. § 1231(a)(2)(A). After the removal period has expired, however, the noncitizen "may be detained." 8 U.S.C. § 1231(a)(6).

The Supreme Court has determined that when "read in light of the Constitution's demands," Section 1231(a)(6) "limits [a noncitizen's] post-removal-period [of] detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). It concluded that a six-month detention period is presumptively reasonable to achieve that goal. *Id*. at 701. The Supreme Court then held that after six months, the noncitizen challenging his detention bears the initial burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and once he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id. See also Soberanes v. Comfort*, 388 F.3d 1305, 1310-11 (10th Cir. 2004) (stating "the onus is on the [noncitizen] to 'provide[] good reason to believe that there is no [such] likelihood' before 'the Government must respond with evidence sufficient to rebut that showing.'") (quoting *Zadvydas*, 533 U.S. at 701) (brackets in original). If the government meets its burden, continued detention is permitted; but if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be

4

released. *Zadvydas*, 533 U.S. at 701.[2]

Lastly, the government should remove noncitizens to either: (i) the country of which the noncitizen is a citizen, subject, or national; (ii) the country in which the noncitizen was born; or (iii) the country in which the noncitizen has a residence. 8 U.S.C. § 1231(b)(1)(C)(i)-(iii). If removal to any of those countries is impracticable, inadvisable, or impossible, then removal can be to any country with a government that will accept the noncitizen into its territory. 8 U.S.C. § 1231(b)(1)(C)(iv). However, noncitizens may not be removed to a country if the Attorney General decides that their life or freedom would be threatened in that country because of the noncitizens' race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A).

## A.    Petitioner's Detention Exceeds the Presumptively Reasonable Period.

Petitioner claims that his current detention is unlawful under *Zadvydas* and violates his due process rights under the Fifth Amendment. Dkt. 1. To be sure, there is no dispute that in the aggregate, Petitioner's detention has exceeded the presumptively reasonable six-month period for effectuating his removal established

---

[2] *Zadvydas* dealt with a noncitizen who was deemed removable after gaining admission to the United States. *Id.* at 682. But its holding has since been expanded to apply to noncitizens who are deemed inadmissible. *Clark v. Martinez*, 543 U.S. 371, 378-379 (2005); *see also Morales-Fernandez*, 418 F.3d at 1123-24 (noting that *Clark* expanded the holding of *Zadvydas* to apply to inadmissible noncitizens and granting an inadmissible noncitizen's habeas petition).

by the Supreme Court in *Zadvydas*. *See* Dkt. 14, p.8 ("Petitioner has been detained for a total of about seven months."). As of the date of this Order, he has been in detention for 223 days total.

The Court is not persuaded by Respondents' argument that this Court should disregard Petitioner's original period of detention of 141 days and find he has only been in custody for two and a half months. Dkt. 14, pp.7-8. While the Court recognizes that other judges in the Tenth Circuit have found the six-month period must be successive, the Court is more persuaded by the courts in this district that have concluded otherwise. For example, in *Tran v. Baltazar*, 26-cv-00940-CNS, 2026 WL 764002, at *3 (D. Colo. Mar. 18, 2026), District Judge Charlotte N. Sweeney observed that "district courts more often conclude that a detainee's periods of detention should be considered together in determining whether the detention has exceeded the presumptively reasonable time under *Zadvydas*." *Id*. (citing *Aguilar v. Noem*, 25-cv-03463-NYW, 2025 WL 3514282, at *3 (D. Colo. Dec. 8, 2025) (collecting cases)). Judge Sweeney then concluded that despite a 20-year gap between the petitioner's periods of confinement, he had in the aggregate been detained more than six months. *Id*.; *see also, e.g., Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *2 (D. Colo. Nov. 24, 2025) (concluding the same and collecting cases in support of its determination that even though "petitioner's 20-month and five-month periods of detention [were] served nonconsecutively, petitioner has nonetheless been detained longer than the six-month presumptively reasonable period").

6

In this case, Petitioner has been detained more than the presumptive six-month period despite a five-year gap between the periods of detention. To conclude otherwise would allow the government to detain non-citizens indefinitely by continuously releasing them just prior to the six-month expiration and then re-detaining them. *Siguenza v. Moniz*, No. 25-cv-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025).

**B.      He is Not Likely to be Released in the Reasonably Foreseeable Future.**

And Petitioner has provided the Court with good reason to believe that his removal is not likely to occur in the reasonably foreseeable future. It is undisputed that it has been over five years since the IJ's order that Petitioner be removed to Cuba. Despite having obtained permission to repatriate Petitioner to Cuba, Respondents' have not done so and there is no indication that COVID-19 travel restrictions have played any further role in the delay. To be sure, Respondents have offered no explanation in this regard. And although Respondents have determined they can also remove Petitioner to Mexico, they have not provided Petitioner with any travel documents. *Id.* Accordingly, Petitioner has satisfied his burden under *Zadvydas. See e.g., Castellano v. U.S. Dep't of Homeland Security,* 2026 WL 47273, at *3-4 (D. Colo. Feb. 19, 2026) (petitioner satisfied his burden where petitioner could not be removed to Cuba because immigration judge granted petitioner's withholding of removal and respondent's only progress in deporting petitioner was to "nominate" him for deportation to Mexico and respondent failed to deport him to Mexico on two

7

separate occasions); *Ahrach v. Baltazar,* 2025 WL 3227529, at \*4 (D. Colo. Nov. 19, 2025) (petitioner met her burden where she had been detained for over six months and only effort made by respondents to remove her was to solicit acceptance from other countries).

Because Petitioner has satisfied his burden under *Zadvydas,* it now shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas,* 533 U.S. at 701. Respondents state only that "ICE is working on removing Petitioner to Cuba or Mexico." Dkt. 14-1, ¶31. But without more, Respondents have demonstrated only that Petitioner's removal is *possible.* The possibility of removal does not equate to a significant likelihood of removal. *Tran*, 2026 WL 764002, at \*3. Indeed, *Zadvydas* rejected the proposition that continued detention is permissible "as long as good faith efforts to effectuate . . . deportation continue." 533 U.S. at 702 (internal quotations and citation omitted). Instead, the government must make legitimate progress towards removal. *See Hassoun v. Sessions*, 2019 WL 78984, at \*5 (W.D.N.Y. Jan. 2, 2019) ("the reasonableness of Petitioner's detention turns on whether and to what extent the government's efforts are likely to bear fruit. Diligent efforts alone will not support continued detention.").

Based on the record, the Court finds Petitioner has shown good reason to believe that his removal to a third country is not likely in the reasonably foreseeable future, and Respondents have not rebutted this showing. Accordingly, because the Court finds that Respondents have detained Petitioner in violation of the Fifth

8

Amendment and *Zadvydas,* the Court will grant Petitioner's habeas petition and will order his release from custody under 28 U.S.C. § 2241(c)(3).

*       *       *

For the reasons shared above, Mr. Yairovis Santacruz Macias' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within **12 hours** of this Order. Respondents may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to in connection with his preexisting order of supervision and immediately prior to his recent detention.

2. If Petitioner resides outside of Colorado and is only in this state because Respondents transferred him here, Petitioner shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return to his place of residence.

3. If necessary, and if Petitioner wishes, Respondents **SHALL** transport Petitioner back to his place of residence outside of Colorado, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Petitioner to return home, Respondents are also **temporarily enjoined** from detaining

9

Petitioner for a period of **FOURTEEN DAYS**.

5. Respondents **SHALL FILE** a status report within **FIVE DAYS** of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's arguments regarding the Administrative Procedures Act.

6. The Court's previous Order (Dkt. 9) enjoining Respondents from removing Petitioner from Colorado or the United States is **VACATED** and replaced with the present Order.

DATED: March 30, 2026, 1:10 PM.

BY THE COURT:

S. Kato Crews
United States District Judge

10